IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

IN THE MATTER OF THE
ESTATE OF STANLEY CRAIG WATSON,
DECEASED

GLENN WATSON, THE
ESTATE OF STANLEY CRAIG WATSON,
DECEASED, and BRENDA SMITH                                                        PLAINTIFFS

VS.                                                                      Case No. 1:21-cv-00320-HSO-RHWR

CHEVRON U.S.A. INC. and
FIDELITY WORKPLACE SERVICES, LLC                                                   DEFENDANTS

## AGREED ORDER OF SEVERANCE AND REMAND

THIS MATTER is before Court on the parties' Motion to Sever and Remand, which pursuant to 28 U.S.C. § 1441(c)(2), seeks the severance and remand of certain claims relating to the administration of an estate under Mississippi law that are not within the original or supplemental jurisdiction of this Court. The Court, being informed that the Parties agree to a severance and remand of the estate administration claims, and being otherwise fully advised in the premises, finds as follows:

1.      On October 14, 2021, Defendants' filed a [1] Notice of Removal, which removed the proceeding entitled *In the Matter of the Estate of Stanley Craig Watson, Deceased*, filed in the Chancery Court of Jackson County, Mississippi, and bearing Case No. 18-2031-TH (the "State Court Action")[1] to this Court based on federal question jurisdiction.

---

[1] The Notice of Removal incorrectly identified the State Court Action as a proceeding filed "in the Chancery Court of *Harrison* County, Mississippi, First Judicial District" bearing Case "No. 21-866(3)." *See* [1] Notice of Removal, p. 2, ¶ 3 (emphasis added). However, it is clear from the context of the Notice of Removal, its exhibits, and the subsequently filed [3] State Court Record that the removed action is the State Court Action as defined in this Agreed Order.

2. This Court has jurisdiction over the parties and subject-matter of certain claims in this action, as set forth in more detail below.

3. This Court has subject-matter jurisdiction over the Plaintiffs' claims to recover benefits or enforce their rights in the Chevron Employee Savings Investment Plan (the "ESIP"), a qualified retirement plan that is covered under the Employee Retirement Income Security Act of 1974 ("ERISA") because such claims are completely preempted by §§ 502(a)(1)(B) and 502(a)(3) of ERISA, 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3). *See, e.g., Arana v. Ochsner Health Plan,* 338 F.3d 433, 437-38 (5th Cir. 2013) (*en banc*).

4. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over any other state law claims that relate to the ESIP (including without limitation Plaintiff Glenn Watson's claims for punitive damages and an accounting of the ESIP) because such claims are so closely related to the action within the original jurisdiction of this Court that they form a part of the same case or controversy under Article III of the United States Constitution. This Court should retain jurisdiction over such claims pursuant to Section 1367(a).

5. The State Court Action also included matters that are not within the original or supplemental jurisdiction of the district court or that have been made nonremovable by statute. In particular, the State Court Action largely pertains to the administration of the Estate of Stanley Craig Watson, Deceased (the "Estate"), which is not part of the same case or controversy as the Plaintiffs' federal ERISA claims because a plaintiff would not ordinarily be expected to administer a decedent's estate in the same judicial proceeding in which ERISA claims are to be tried. In other words, they are not "so related to the original claims . . . that they derive from a common nucleus of operative fact." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (internal quotation marks and citations omitted), *overruled on other grounds by Arana*, 338 F.3d 433.

6. As such, this removed action is properly before the Court pursuant to 28 U.S.C. § 1441(c)(1) because this civil action includes a claim arising under the laws of the United States and claims not within the original or supplemental jurisdiction of this Court.

7. 28 U.S.C. § 1441(c)(2) provides that upon removal of a civil action that includes a claim arising under the laws of the United States and claims that are not within the original or supplemental jurisdiction of the district court or claims that have been made nonremovable by statute, "the district court *shall* sever from the action all claims [that are not within the original or supplemental jurisdiction of the district court or that have been made nonremovable by statute] and *shall* remand the severed claims to the State court from which the action was removed." 28 U.S.C. § 1441(c)(2) (emphasis added).

8. Pursuant to 28 U.S.C. § 1441(c)(2), this Court finds that the Stanley Craig Watson estate administration proceeding, other than the claims over which this Court has original or supplemental jurisdiction, should be severed from the removed action and remanded to the Chancery Court of Jackson County, Mississippi, for further proceedings. *See Richardson v. BankPlus,* No. 3:12CV248-DPJ-FKB, 2012 WL 12915409, at *4 (S.D. Miss. Sept. 24, 2012) (upon removal, severing guardianship proceeding from ERISA claim pursuant to 28 U.S.C. § 1441(c)(2) and remanding the guardianship proceeding to the Chancery Court of Hinds County, Mississippi); *T.K. Stanley, Inc. v. Evans*, No. 2:08-CV-151KS-MTP, 2008 WL 11349690, at *4 (S.D. Miss. Sept. 23, 2008) (holding third-party defendants' removal of entire case to federal court on basis of cross-claim filed by another set of third-party defendants was proper pursuant to 28 U.S.C. § 1441(c)(1), but severing and remanding to state court all non-federal question claims).

9. The Court will retain jurisdiction over all claims relating to the ESIP and its administration, including without limitation all claims relating to the designation of ESIP beneficiaries, enforcement of rights under the ESIP, recovery of ESIP benefits, an adjudication of

the parties' rights *vel non* in and to the funds currently on deposit in the registry of the Chancery Court of Jackson County, Mississippi (the "Chancery Court Registry Funds"), and Plaintiff Glenn Watson's claims for punitive damages and an accounting of the ESIP.[2] Pursuant to 28 U.S.C. § 1446(d), on remand, the Chancery Court of Jackson County, Mississippi shall proceed no further with respect to the claims over which this Court has retained jurisdiction.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Stanley Craig Watson estate administration proceeding, other than the claims relating to the ESIP and its administration, including without limitation all claims relating to the designation of ESIP beneficiaries, enforcement of rights under the ESIP, recovery of ESIP benefits, an adjudication of the parties' rights *vel non* in and to the funds currently on deposit in the registry of the Chancery Court of Jackson County, Mississippi, and Plaintiff Glenn Watson's claims for punitive damages and an accounting of the ESIP, is hereby severed from this action and remanded to the Chancery Court of Jackson County, Mississippi, for further proceedings. It is further,

ORDERED AND ADJUDGED that, upon remand the clerk, is directed to send a certified copy of this order to the clerk of the Chancery Court of Jackson County, Mississippi.

SO, ORDERED, this the 21st day of March, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

---

[2] By retaining jurisdiction to adjudicate the parties' rights *vel non* in and to the Chancery Court Registry Funds, the Court does not intend to "undertake to interfere with the state court's possession [of that property] save to the extent that the state court is bound by the judgment to recognize the right[s] adjudicated by the federal court." *Markham v. Allen*, 326 U.S. 490, 494 (1946)

APPROVED AND AGREED:

*/s/ G. Charles Bordis, IV*
G. CHARLES BORDIS, IV
BORDIS & DANOS, PLLC
1215 Government Street
Ocean Springs, MS 39564

**ATTORNEY FOR PLAINTIFF, GLENN WATSON**


*/s/ David N. Harris, Jr.*
DAVID N. HARRIS, JR.
DAVID N. HARRIS, JR. LAW FIRM, PLLC
134 Rue Magnolia, Suite A
Biloxi, MS 39531

MARTIN A. SEIB
MARTIN A. SEIB, ATTORNEY AT LAW
346 Cox St.
Lucedale, MS 39452

**ATTORNEYS FOR PLAINTIFF, THE ESTATE OF STANLEY CRAIG WATSON, DECEASED**


*/s/ Paulette Turner*
PAULETTE TURNER
PAULETTE TURNER, ATTORNEY AT LAW
3106 Canty Street
Pascagoula, MS 39567

**ATTORNEY FOR PLAINTIFF, BRENDA SMITH**


*/s/ Michael C. McCabe, Jr.*
MICHAEL C. MCCABE, JR.
BUTLER SNOW LLP
1300 Twenty Fifth Avenue, Suite 204
Gulfport, MS 39501
P.O. Box 4248
Gulfport, MS 39502-4248
Phone (228) 864-1170
Fax: (228) 868-1531
E-mail: michael.mccabe@butlersnow.com

**ATTORNEY FOR DEFENDANTS, CHEVRON U.S.A., INC. AND FIDELITY WORKPLACE SERVICES, LLC**